SIMON, Justice.
Plaintiffs filed this petitory action seeking to be recognized the true and lawful owners of certain property situated in the Parish of Jefferson. Alleging continuous, uninterrupted, actual, physical, corporeal and adverse possession of said property, they assert a 30-year prescriptive title by virtue of LSA-Civil Code Article 3499, which provides that the ownership of immovables i.s prescribed for by 30 years without any need of title or possession in good faith. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner. LSA-Civil Code, Article 3500.
Defendants filed an exception of no right of action and alternatively an exception of no cause of action.
On trial of the exceptions, over the objection of plaintiff, defendants, in support of their exception of no right of action, offered in evidence a written act of compromise and quit-claim executed by plaintiff Michel Wischer, and others, in favor *707 of the defendants herein, dated March 19, 1940. Plaintiff George Pertuit was not a party to said act. Defendants also offered in evidence the original records in three prior lawsuits involving the same parties here, to establish that said parties plaintiffs were without interest in the subject matter of this suit and therefore were precluded from prosecuting same. The suits offered in evidence were:
(a) A possessory action filed on August 18, 1948, entitled “Madison Realty Company, Inc. and R. C. Milling v. Michel Wischer and George Pertuit”, No. 21,280 of the docket of the Jefferson Parish District Court.
(b) A damage suit filed on January 3, 1941, entitled “George Pertuit v. Madison Realty Company, Inc.”, No. 14,522 of the docket of said court.
(c) An injunction suit filed on February 16, 1939, entitled “Madison Realty Company, Inc. and R. C. Milling v. Michel Wischer, Freddie Wischer and George Pertuit”, No. 13,397 of the docket of said court.
The district judge overruled defendants’ exception of no cause of action but maintained their exception of no right of action and dismissed plaintiffs’ suit. On appeal the Court of Appeal for. the Parish of Orleans. affirmed the said judgment.
Thereupon plaintiffs applied to this Court for a writ of certiorari or review, which was granted, bringing before us the judgments complained of.
Code of Practice Article 15 declares the elementary rule that “An action can only he brought by one' having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action.”
Notwithstanding the confusion which has existed due to the indiscriminate use of the exceptions of no cause of action and of no right of action by the members of the Bar, we recently distinguished in clear and unmistakable language the separate functions of these two exceptions.
In the case of Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257, 258, we said:
“ * * * Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain his suit, i. e., his capacity to sue or his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition -and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375; Termini v. McCormick, 208 La. 221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose *709 of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La. 424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La. 369, 159 So. 587; Duplain v. Wiltz, supra [La.App., 174 So. 652] and La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012.”
Fundamentally there is no distinction between the exception of no right of action and that of want, of .interest. Both perform, exactly the same function; both are peremptory exceptions relating to law and operate in our modern procedure in precisely the same manner. In Outdoor Electric Advertising v. Saurage, supra, we held that the exceptions of want of interest and of no right of action are not separate exceptions but are actually the same exception under different names. Termini v. McCormick, supra; Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753.
Mr. McMahon in his interesting and exhaustive study of the peremptory exceptions (McMahon La.Pract. Vol. 1, p. 45-9) says: . . .
“From the writer’s opinion that the only difference between' the exceptions of no right of action and want of interest is in name, it would follow that the distinction noted above likewise obtains between the exceptions of no cause of action and want of interest. The function of the former is to raise the general issue as to whether any remedy is afforded by the law; that of the latter is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff: The former relates generally to the action; the latter, specifically to the person of the plaintiff.” See 11 Tulane Law Review 527, 532, 533 (1937).
In the instant case plaintiffs have alleged facts in their petition which unquestionably meet the requirements of our Pleading and Practice Act1 and which afford them the right of proving, if they can, a title based upon 30 years’ prescription, irrespective of declarations and facts contained in the three lawsuits filed in evidence which may or may not defeat their alleged prescriptive title. Their fight to institute this petitory action, under the facts alleged in their petition, cannot be defeated by way oí, an exception of no right of action. A hearing on the merits is essential to determine the question of title, whereby .the' plaintiffs must stand or fall on. proof of their own title and not upon the weakness of their adversary. Under the given circumstances of this case the exception of no right of action or lack of interest cannot be employed as a vehicle to adjudicate title to realty.
The question of title to realty, when a cause of action on the face of the pleadings is legally.stated, as is true in this in *711 stance, is one which must be resolved in a hearing, after issue is joined, on the merits of the controversy. State v. Jefferson Island Salt Mining Co., 183 La. 304, 163 So. 145; White v. Lockhart, 229 La. 611, 86 So.2d 397.
Accordingly, for the reasons assigned, the judgments of the district court and of the court of appeal are reversed and set aside insofar as they maintain the exception of no right of action and are hereby affirmed insofar as they overrule the exception of no cause of action.
It is now ordered that the exception of no right of action be, and the same is hereby overruled, and this cause be, and the same is hereby remanded for further proceeding according to law and not inconsistent with the views herein expressed. All costs incurred in the court of appeal and in this Court are to be paid by defendants. All other costs to await the final disposition of this case.
FOURNET, C. J., and HAWTHORNE, J., absent.