LANDRY, Judge.
Plaintiff appeals the judgment of the trial court rendered in Suit Number 12,969 on the docket of the lower court, sustaining defendants’ exception of no right of action and dismissing plaintiff’s demand for partition of real property allegedly owned in common with defendants. In a separate judgment rendered in a consolidated action, Number 12,970 on the docket of the lower court, plaintiff’s demand for recognition as owner of mineral rights in certain property allegedly sold defendants’ ancestor in title, and an alternative demand for interest on a series of mortgage notes executed by defendants’ ancestor, were dismissed upon defendants’ plea of prescription. No appeal was taken from the judgment rendered in Suit Number 12,970. We reverse the judgment of the trial court rendered in the partition proceeding, and remand for trial on the merits.
Appellant seeks partition of a 38.88 acre tract of land situated in Ascension Parish. The petition alleges plaintiff is the owner in indivisión, in the proportion of one-half to petitioner and the other half to the Succession of Frank S. Noel, represented by its testamentary executrix, Constance J. Noel, widow of decedent. The named defendants are the Succession of Frank S. Noel; Constance J.' Noel, surviving widow and executrix of decedent Frank S. Noel, and Frank E. Noel, Jr., Jack F. Noel, and Marlene N. Rome, heirs of decedent Frank S. Noel.
' By supplemental petition, appellant alternatively claims he is co-owner of subject property together with the above named successors of Frank S. Noel, Sr.,' and the successors of Robert E. Noel, namely, Juanita Noel Joffrion, R. Everette Noel, Wilfred Noel, Easton Noel, Lillian Noel Woods and Eloise Noel Hall, all of whom are brothers and sisters of plaintiff and plaintiff’s deceased brother, Frank S. Noel, Sr. It is asserted that the property is owned in proportion of one-eighth each to plaintiffs, Juanita N. Joffrion, R. Ev *75 erette Noel, Wilfred Noel, Easton Noel, Lillian N. Woods and Eloise N. Hall, and one-twenty-fourth each to Frank E. Noel, Jr., Jack F. Noel and Marlene N. Rome, children of plaintiff’s deceased brother, Frank S. Noel, Sr.
Plaintiff alleges claim of ownership by plaintiff and his late brother, Frank S. Noel, Sr., or by plaintiff and his named brothers and sisters by inheritance from their father, Robert E. Noel, deceased, and by adverse possession in excess of thirty years.
Eloise Noel Hall answered denying all allegations of plaintiffs petitions and praying that plaintiff’s demands be dismissed.
R. Everette Noel filed an answer admitting that he and plaintiff own an undivided one-eighth interest in subject property together with the remaining defendants and praying tha.t the partition requested by plaintiff be ordered.
Mrs. Constance J. Noel, Frank E. Noel, Jr., Jack F. Noel, and Marlene N. Rome excepted to plaintiff’s petition as stating no right of action based on the following contentions: (1) Plaintiff formerly owned an undivided one-half interest in subject property but sold it to his brother, Frank S. Noel, Sr., therefore, plaintiffs owns no interest in the property in question and is without right to demand partition of land in which he owns no interest; (2) plaintiff was aware of litigation which transpired between Frank S. Noel, Sr. and Jumonville Pipe and Machinery Company, in which title to subject property was disputed between said parties and in which Frank S. Noel, Sr. was declared owner, and that plaintiff declined to participate in said litigation and is therefore estopped from asserting claim thereto in these proceedings, and (3) the action between Frank S. Noel and Jumonville Pipe and Machinery Company is res judicata as to any rights plaintiff may have had in the property involved herein which is the exact same tract involved in the action between Frank S. Noel and Jumonville Pipe and Machinery Company.
Upon trial of the exception, defendants introduced in evidence a deed dated March 17, 1953, wherein appellant sold decedent Frank S. Noel an undivided one-half interest in McManor Plantation, Ascension Parish, comprised of three tracts of specifically described lands. Exceptors concede that the deed does not expressly describe the 38.88 acre tract sought to be partitioned, but maintain, and the trial court so held, that the disputed 38.88 acre parcel was in fact covered by the transfer. Finding that plaintiff had no interest whatever in the property in dispute, the trial court sustained the exception of no right of action and dismissed the action as to all exceptors.
It appears well settled that when a cause of action is stated on the face of the pleadings in an action involving title to immovable property, the issue of title must be resolved on the merits after joinder of issue.
The right to demand partition of property held in common is absolute. LSA-C.C. art. 1289; Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652. A petition which alleges plaintiff is owner in indivisión with defendants and no longer wishes to remain in common with his co-owners, states a cause of action for partition. Art. 1289, above. In this instance plaintiff’s petition contains all aver-ments essential to stating a cause of action.
In Wischer v. Madison Realty Company, Inc., 231 La. 704, 92 So.2d 589, plaintiff brought a petitory action based on a claim of ownership by virtue of alleged thirty years adverse possession. An exception of no right of action was sustained by the trial court based on an act of compromise and quitclaim executed by plaintiff in favor of defendants and also upon three prior suits between the same parties. The trial court held that the compromise and quit *76 claim showed that plaintiff owned no interest in the property involved and was without right to institute a petitory action with respect thereto. In reversing ■ the trial court, the Supreme Court held that where a cause of action is stated on the face of the pleadings, the question of title to real property must be resolved after a hearing on the merits. In so concluding, the Supreme Court stated:
“A hearing on the merits is essential to determine the question of title, whereby the plaintiffs must stand or fall on proof of their own title and not upon the weakness of their adversary. Under the given circumstances of this case the exception of no right of action or lack of interest cannot be employed as a vehicle to adjudicate title to realty. The question of title to realty, when a cause of action on the face of the pleadings is legally stated, as is true in this instance, is one which must be resolved in a hearing, after issue is joined, on the merits of the controversy.”
White v. Lockhart, 229 La. 611, 86 So. 2d 397, which involved title to timber, held to the same effect as Wischer, above. In White, above, the court held that where the petition averred title in plaintiff, an alleged lack of title could not be raised by exception of no right of action, but rather, under such circumstances, title must be tried on the merits of the controversy. From the foregoing, we conclude that the pronouncements of the Supreme Court constitute an absolute prohibition against resolution of title to real estate on an exception of no right of action where plaintiff’s petition affirmatively alleges plaintiff is owner of the property involved.
We note that our brothers of the Third Circuit, in the recent case of Bielkiewicz v. Rudisill, La.App., 201 So.2d 136, have indicated that the exception of no right of action should be employed in any instance where the action is brought by a party
without legal interest therein. In Bielkie-wicz, above, we note the following:
“The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter’s Comment (b) 5, LSA-CCP art. 927; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 528-32 (1937); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul. L.Rev. 17, 29-31 (1934). As these authorities note, evidence is admissible on the in limine trial of this exception in order to support or controvert any of the objections pleaded by it. See also LSA-CCP Art. 931.
However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants in order to prove that he lacked interest or right to file the suit in question.”
We further note that Bielkiewicz, above, was a tort action. Nevertheless, it appears that Bielkiewicz intended the rule advocated therein should apply to all actions including petitory actions and actions for partition of real property. We understand Bielkiewicz, above, to hold that an action should be tried on the merits only when defendant tenders a specific defense to the suit. It further holds that an alleged general lack or want of interest on plaintiff’s part, irrespective of the grounds therefor, is properly triable on an exception of no *77 right of action which admits of the introduction of evidence to support or controvert the basis of the exception. Nevertheless, Bielkiewicz held that a release could not form the basis of an exception of no right of action in a tort action. In so holding, Bielkiewicz, above, apparently followed Wischer, above, which latter authority held that a quitclaim in which plaintiff allegedly divested himself of interest in subject property was a matter of defense triable only on the merits.
Neck v. Neck, La.App., 169 So.2d 401, also a Third Circuit decision, appears at first glance to be in accord with Bielkie-wicz, above. The cited authority was an action for partition which was met with an exception of no right of action based on a prior sale allegedly executed by plaintiff. Plaintiff conceded signing the act of transfer in ignorance of its contents and further contended she had no intent to convey her interest in the property involved. The court found that since plaintiff did not allege fraud or error she could not assail the transfer. On this basis, the court held that plaintiff was without interest to bring a partition suit but expressly reserved plaintiff’s right to institute an action to nullify the transfer and, if successful, thereafter demand partition. It is interesting to note that in Neck, the court accepted the sale by plaintiff as evidence of plaintiff’s lack of ownership and consequent want of interest to demand partition. Neck appears to be a departure from Wischer, above, in the Neck held that in an action for partition, plaintiff’s alleged lack of title could be determined upon án exception of no right of action.
We believe the rule announced in Wischer, above, and White, above, is peculiarly applicable to the case at hand. The petition in this instance alleges ownership by virtue of inheritance and, alternatively, by adverse possession. Exceptors' claim that plaintiff is devoid of interest in subject property, is predicated upon an alleged transfer from plaintiff which admittedly does not specifically describe the property in contention. For exceptors to prevail on the issue that plaintiff is without interest herein, the deed which exceptors claim divested plaintiff of all interest in subject property, must be judicially interpreted to cover lands not specifically described therein. This issue, in our judgment, addresses itself to the merits of the controversy and is a matter which cannot be tried upon an exception of no right of action. Wischer, above.
The trial court did not pass upon the alternative pleas of estoppel and res judicata tendered by exceptors’ peremptory exception of no right of action. We therefore make no comment on these pleas other than to note that estoppel may not be advanced by exception but is an affirmative defense which must be plead in answer. LSA-C.C.P. art. 1005. Res judicata, however, is a peremptory exception, LSA-C.C. P. art. 927, which may be plead any time prior to submission of the case for decision in the trial court. LSA-C.C.P. art. 928.
The judgment of the trial court sustaining appellees’ exception of no right of action is reversed and set aside and this matter remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal to be paid by Constance J. Noel, Frank E. Noel, Jr., Jack F. Noel and Marlene N. Rome, jointly.
Reversed and remanded.