324 So.2d 468 (1975)
Norwood Watts Benjamin DAVIS, Plaintiff-Appellant,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO. et al., Defendants-Appellees.
No. 5260.
Court of Appeal of Louisiana, Third Circuit.
December 24, 1975.
Guillory, McGee & Mayeux by John G. Fontenot, Eunice, for plaintiff-appellant.
Jack C. Fruge, Ville Platte, for defendants-appellees.
Before MILLER, HUMPHRIES and PETERS, JJ.
*469 HUMPHRIES, Judge.
Norwood Davis filed suit against Aldes Vidrine, Jr., Joseph Ardoin and Southern Farm Bureau Casualty Insurance Company for personal injuries and medical expenses. He claims that, while stopped at an intersection, a vehicle owned by Vidrine, driven by Vidrine's employee, Ardoin, and insured by Southern Farm, struck his pick-up truck from the rear.
Defendants filed an exception of no cause or right of action. The ground alleged as supportive of the exception was the granting of a full and final release, in connection with the accident. The release which was introduced into evidence at the trial on the exception was given in consideration of $154.00.
The trial judge maintained the exception of no right of action and dismissed plaintiff's suit.
Plaintiff has appealed from the judgment below, contending that he signed the release under a mistake of fact, sufficient to vitiate the release. In support of this contention plaintiff cites Cole v. Lumberman's Mutual, 160 So.2d 785 (La.App., 3rd Cir. 1964); Carlton v. Great American Insurance Co., 273 So.2d 655 (La.App., 4th Cir. 1973), and Wells v. Aguillard, 244 So.2d 689 (La.App., 4th Cir. 1971). The Cole and Carlton cases are inapposite. In those cases, the "error" was the representation that there was a limited and much smaller amount of insurance coverage than that in fact existed. In Cole, the Court said:
". . . since the agreement was entered into by reason of an error of fact as to the principal or at least a material cause of the contract, . . . which error was in fact induced and abetted by the action of the other party so procuring the thusinvalid consent to the compromise." (citations omitted and emphasis added)
Wells v. Aguillard, supra, involved a factual situation somewhat similar to this case. It, however, is distinguished on the basis of the trial court's finding "that the release was obtained by deceit." The Court also construed against the defendant its failure to introduce the testimony of the insurance adjustor.
There is no indication of deceit or misrepresentation on the part of any defendant in this case. Plaintiff is an intelligent and literate individual having a Masters Degree plus 30 hours toward a doctorate in the field of education. No pressure was exerted on plaintiff. He requested the settlement and received the release form in the mail. He signed it although admittedly without having read it. The settlement was for almost the exact amount of property damages sustained by his car and when he signed the settlement he did not think he had sustained serious personal injuries. The settlement however specifically stated all claims for property damage and personal injuries were released.
In Thigpen v. Guarisco, 197 So.2d 904 (La.App., 1st Cir. 1967) the Court stated:
"It is clear that where literate and intelligent persons execute a release which is clear and unambiguous in its terms, they cannot later have the release nullified in the absence of fraud or violence, or unless there can be shown error as to the person or on the matter in dispute. Civil Code Article 3079"
"As pointed out in the Tooke case, (Tooke v. Houston Fire and Casualty Insurance Co., La.App., 122 So.2d 109), supra, the failure to read a release is neither an acceptable defense nor a reasonable excuse."
There was no error in the conclusion of the trial court that the release was validly obtained and is binding.
While we agree with the conclusion reached below, we find that the trial court was in error when it maintained the exception of no right of action. In Bielkiewicz *470 v. Rudisill, 201 So.2d 136 (La.App., 3rd Cir. 1967) the Court said:
"However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action." (citations omitted)
"For instance, in Wischer [Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589], the Supreme Court reversed the lower court and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants in order to prove that he lacked interest or right to file the suit in question."
The proper label of the exception should have been that of "res judicata". The lower court was correct in its ruling, but was in error in maintaining the exception of "no right". It should have recognized and overlooked the miscaptioning and maintained the exception as one of "res judicata".
In the body of the exception the defendants specifically set up their objection that plaintiff had compromised his cause of action.
"That plaintiff has no cause or right of action or no interest in the plaintiff to institute this suit, as plaintiff, on June 24, 1974, granted unto your alleged defendants a full and final release in connection with the accident which occurred on or about May 27, 1974, which is the basis of this suit, all as will more fully be shown by copy of said release attached hereto."
It is clear that defendants seek to plead the previous compromise as a bar to this suit. Present practice dictates that the courts look to what the party seeks and not merely at the label he uses. C.C.P. Arts. 865, 5051. In Jackson v. Dickens, 236 So.2d 81 (La.App., 1st Cir. 1970) the court treated an exception of no right of action as an exception to procedural capacity. In Moore v. Shell Oil Co., 228 So.2d 205 (La.App., 3rd Cir. 1970) an exception of no right of action was treated as an exception of no cause of action. We treat this exception as one of res judicata and sustain it.
For the reasons assigned the judgment appealed from is affirmed. All costs of the appeal are to be paid by the plaintiff-appellant.
Affirmed.