PRICE, Judge.
Comet Drilling Company has appealed from the judgment sustaining an exception of no right of action and dismissing its suit against Tri-State Oil Tool Industries and its liability insurer, Aetna Casualty & Surety Company, for damages for breach of contract.
Comet engaged the services of Tri-State, a specialist in the oil industry, to provide assistance in recovering a broken drill string from an oil and gas well being drilled by it in Iberville Parish. The drill string was lost and Comet sought to recover from Tri-State and its insurer the damages sustained from the incident. Comet contends Tri-State contracted to furnish an experienced man with proper instructions to direct operations to retrieve the drill string and that it was negligent in sending an unqualified man who did not follow the proper procedure for a successful recovery of the pipe.
The action was initially filed in the Eighteenth Judicial District Court for Iberville Parish, but was transferred to the Twenty-Sixth Judicial Court for Bossier Parish pursuant to the sustaining of an exception of improper venue. Tri-State is a California corporation whose principal business establishment is in Bossier Parish.
After the transfer of the suit to Bossier Parish, Tri-State and Aetna filed exceptions of no cause of action and no right of action. The exception of no cause of action was overruled and the exception of no right of action was sustained. Comet has appealed from the judgment dismissing its action pursuant to the sustaining of this exception.
The sole issue presented for review is whether the trial court improperly sustained the exception of no right of action which is based on an exculpatory clause in the contractual agreement, and on an alleged practice in the oil industry which precludes liability under the circumstances of this case.
Comet contends the action of the trial court in effect required it to try the merits of the case on the trial of the exception of no right of action which is contrary to the prevailing jurisprudence restricting the use of this exception to situations where the plaintiff is shown to be without an interest to bring the action.
Tri-State and Aetna contend Comet has no right to bring this action based on the failure of Tri-State’s employee to properly supervise the fishing operation for the drill string as the “job tickets” of Tri-State accepted by Comet personnel at the rig site provide in part:
All tools, equipment, parts and supervisors are furnished in accordance with the prices, terms and conditions of Tri-State’s *569 Published Price List. No guaranty of any kind is made as to rental tools and services. The customer assumes all responsibility for tools in his possession and for supervisors on the job and agrees to hold Tri-State harmless for injuries to persons or property resulting therefrom. * * *
On trial of the exception, Tri-State and Aetna were allowed to present evidence to establish the validity and effect of such an exculpatory clause. Comet timely objected on the basis that Tri-State and Aetna were offering evidence in support of an affirmative defense which could only be presented on trial of the merits of the case.
Comet’s position is well taken and the trial court was in error in sustaining the exception of no right of action.
LSA-C.C.P. Article 927(5) provides in part:.
The objections which may be raised through the peremptory exception include, but are not limited to, the following:

(5) No right of action, or no interest in the plaintiff to institute the suit.
In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967), the restrictions on the use of the exception are concisely summarized as follows:
The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter’s Comment (b) 5, LSA-C.C.P. art. 927;
* * * * * *
However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52.

The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted.
* * * * * *
In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.
The pleadings filed by Comet allege a contractual obligation undertaken by TriState to perform services for Comet which were negligently performed causing the damages to Comet for which it Seeks redress. There is no question that Comet has alleged a sufficient cause of action and that it is within the particular class of persons to which the law affords a remedy for such a cause. Whether or not Comet is barred from exerting its claim against Tri-State by reason of the contractual exculpatory clause is a matter óf affirmative defense which cannot be decided on an exception of no right of action.
The judgment appealed is reversed, the exception of no right of action is overruled, and the case is remanded to the district court for further proceedings consistent with the views expressed herein and in accord with law. Costs of this appeal are assessed to defendants.