378 So.2d 159 (1979)
Dudley CURRY and Shirley Curry, Plaintiffs-Appellants,
v.
IBERVILLE PARISH SHERIFF'S OFFICE et al., Defendants-Appellees.
No. 12880.
Court of Appeal of Louisiana, First Circuit.
November 12, 1979.
William C. Dupont, Plaquemine, for plaintiffs-appellants Dudley Curry and Shirley Curry.
Emile C. Rolfs, III, Baton Rouge, for defendant-appellee North River Ins. Co.
James F. Abadie, Baton Rouge, for defendant-appellee Allstate Ins. Co.
John I. Moore, Baton Rouge, F. Barry Marionneaux, Plaquemine, for defendants-appellees Iberville Parish Sheriff's Office, Donald J. Daigle and National Fire and Marine Ins. Co.
Thomas S. Halligan, Baton Rouge, for defendant-appellant State of Louisiana.
Before EDWARDS, LEAR and SARTAIN, JJ.
SARTAIN, Judge.
This is a personal injury suit which is presently before this court on appeal from exceptions of no right of action which were sustained by the trial judge. For reasons hereinafter stated, we reverse.
On July 17, 1977, the plaintiffs were involved in a collision on Louisiana Highway 1 within the Parish of Iberville with an Iberville Parish Sheriff's vehicle operated by Donald J. Daigle, who was an auxiliary deputy on duty at that time. Shortly thereafter, another automobile driven by one Edward G. Robinson also struck the plaintiff's automobile.
*160 Named as defendants in the original filing of this suit were the Sheriff's Office, Deputy Daigle, and National Fire and Marine Insurance Company, which insured the Sheriff's vehicle fleet.
By subsequent amendments, the State of Louisiana, North River Insurance Company as the comprehensive general liability insurer of the sheriff, and Allstate Insurance Company, which had issued a policy of public liability insurance to Daigle, were added as defendants. The state thereafter filed third party demands against several parties including North River and Allstate.
Those two insurers then filed peremptory exceptions of no cause and no right of action and motions for summary judgment against the plaintiffs and the third party demands of the state. These were heard on February 23, 1979, and the exceptions of no right of action only were sustained. The plaintiffs and the state have appealed that judgment.
The rules pertaining to the use of the exception of no right of action are well settled. When this exception is raised, the inquiry is whether the plaintiff has a legal interest in the subject matter of the litigation. In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App.3d Cir. 1967), the court stated:
"The essential function of this exception is to provide a threshold device for terminating a suit brought by one without legal interest to assert it. Reporter's Comment (b) 5, LSA-CCP art. 927; Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358; McMahon, Parties Litigant in Louisiana, 11 Tul.L.Rev. 527, 528-32 (1937); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L. Rev. 17, 29-31 (1934). As these authorities note, evidence is admissible on the in limine trial of this exception in order to support or controvert any of the objections pleaded by it. See also LSA-CCP Art. 931.
"However, the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants, in order to prove that he lacked interest or right to file the suit in question.
"The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Maryland Casualty Co. v. Gulf Refining Co., La.App. 1 Cir., 95 So.2d 734.

. . . . . .
"In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727.
"Applying these principles, the plaintiffs, upon their allegations of injury through negligence for which the defendants are responsible, have alleged an interest, a right of action in their favor. The defendants have sought to introduce no admissible evidence to show that the plaintiffs do not as a matter of law possess the legal interest to file suit in tort against the defendants. In this regard, it is immaterial that, as a matter of defense of fact, the defendants may be able to defeat the plaintiffs' cause of action because of lack of negligence or because of the plaintiffs' voluntary remission of the obligation arising from any such negligence."
*161 The theory of North River's exception is that its policy, by its terms, specifically excluded coverage for any act involving a sheriff's automobile. It states that it issued a comprehensive general liability policy only and pursuant thereto, provided coverage for negligent acts of the sheriff unrelated to land motor vehicles.
Although Allstate issued to Deputy Daigle an automobile liability policy, it maintains that it excludes coverage for the insured when he is operating a vehicle which he does not own if that vehicle is regularly provided for his use and that where, as here, Daigle had regular access to a sheriff's vehicle while on duty, their policy provides no coverage.
We find that neither of these insurer's contentions are sufficient to maintain an exception of no right of action. For the purposes of this exception, we are concerned only with whether these plaintiffs are proper persons to assert the claims made. No argument has been made by the appellees that they are not; their exceptions are based on exclusionary clauses in their policies only, which are affirmative defenses. See, Tudury v. Cooperative Cab Co., 265 So.2d 307 (La.App.4th Cir. 1972) and authorities cited therein. In Comet Drilling v. Tri-State Oil Tool Indus., 337 So.2d 567 (La.App.2d Cir. 1976), the court noted:
"The pleadings filed by Comet allege a contractual obligation undertaken by Tri-State to perform services for Comet which were negligently performed causing the damages to Comet for which it seeks redress. There is no question that Comet has alleged a sufficient cause of action and that it is within the particular class of persons to which the law affords a remedy for such a cause. Whether or not Comet is barred from exerting its claim against Tri-State by reason of the contractual exculpatory clause is a matter of affirmative defense which cannot be decided on an exception of no right of action."
The insurers further maintain, that if this exception cannot be sustained, that their exceptions of no cause of action or motions for summary judgment should be granted. Code of Civil Procedure Article 865 and numerous cases are cited by them for the proposition that, where possible, the Court should substitute a proper procedural device where an improper one has been relied upon.
Code of Civil Procedure Article 865 provides:
"Every pleading shall be so construed as to do substantial justice."
Although the argument advanced is favored, our review of the record indicates that the petitions state a cause of action. Further, we find that genuine issues of material fact as to these two insurers remain unresolved at this time and that their motions for summary judgment cannot be granted.
North River also filed the peremptory exception of one year prescription on its behalf and that of its insured, Jessel M. Ourso, Sr., who is now deceased but was formerly the Sheriff of Iberville Parish. That exception notes that although this accident took place on July 17, 1977, Sheriff Ourso was not named as a defendant until August 22, 1978. Since the petition alleges the personal negligence of Ourso, that exception must also be denied until a determination is made as to whether he is solidarily liable with any other timely sued defendant.
Accordingly, the judgments of the district court are reversed and all costs of this appeal are to be paid by North River Insurance Company and the Allstate Insurance Company. The assessment of all other costs are to await a final determination on the merits.
REVERSED AND REMANDED.