CUTRER, Judge.
Plaintiffs, owners of a one-half interest in a tract of land, brought this suit to set aside three acts of sale involving the remaining undivided one-half interest of the property. From a judgment maintaining defendants’ peremptory exception of no right of action, plaintiffs appeal. We reverse.
The issue on appeal is whether the trial judge erred in sustaining a peremptory exception of no right of action filed by the defendants.
On January 4, 1957, Sarah J. Terrell, by cash deed, sold a 72 acre tract of land to 12 of her children and grandchildren. The deed contained the following provision:

“The vendees herein mutually agree that should any one of them decide to sell their interest in their property above acquired, that they will first offer said interest to the other vendees herein, at the same price that they are offered for their interest. Vendees further agree that so Pong] as Sarah J. Terrell is alive, that they will not sell their interest, except to one another in the above described property.”

In addition to the signature of the vendor, Sarah Terrell, only one of the vendees signed the deed. This person was Emma T. Jackson (now Emma Kirkland).
In November 1977, four of the vendees (Leo Terrell, Lena Jones, Steese Britton and Emma Kirkland), the owners of a one-half interest in the property, sold their interest to third parties, Paul and Janette Messenger. The Messengers then sold their interest to Pioneer Realty Company by deed dated March 9, 1978.
The plaintiffs, Edward Terrel], Edison Terrell, Harvey Moran, Sarah Terrell Chevalier, Herman Terrell and Olizine B. Terrell, Jr., the owners of the remaining one-half interest in the property by virtue of the Sarah J. Terrell deed, brought suit against the Messengers, their vendors and Pioneer Realty Company, seeking to set aside the sale to the Messengers, and the sale from the Messengers to Pioneer Realty Company, on the ground that the agreement in the deed from Sarah J. Terrell was violated by defendants, Leo Terrell, Lena Jones, Steese Britton and Emma Kirkland.
The defendants filed an exception of no right of action on the ground that the only vendee who signed the Sarah Terrell deed was Emma T. Jackson (now Emma Kirkland). The defendants further allege that Emma T. Jackson had no authorization from any of the other vendees to sign on their behalf, thus, the provision in the deed was not binding on the other vendees. The defendant so argued at a hearing on the exception.
The trial judge in his written reasons accepted defendants’ arguments and found that:

“ . . the reservation and stipulation of the deed of 1957 is null and void and without legal effect and that the plaintiffs have no right of action.”

Plaintiffs argue on appeal that the validity of the provision is a defense to the action, and as such, was improperly raised by an exception of no right of action. We agree with this argument.
It is clear that the trial court erred. The defendants, by means of an exception of no right of action, improperly raised a defense to the merits of the suit.
As stated in the case of Marquis v. Cantu, 371 So.2d 1292 (La.App. 3rd Cir. 1979):
“The sole purpose of the peremptory exception of no right of action is to challenge the plaintiff’s interest in the subject matter of the suit or his legal capacity to proceed with the suit. Broday v. Broday, 360 So.2d 645 (La.App. 3rd Cir. 1978); Davis v. Southern Farm Bureau Casualty Ins. Co., 324 So.2d 468 (La.App. 3rd Cir. 1975); Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App. 3rd Cir. 1975). The asserted defense is one that goes to the merits of the case and it is improper to assert an affirmative defense through the means of peremptory exception. Alside Supply Co. v. Ramsey, 306 So.2d 762 (La.App. 4th Cir. 1975); Wat *130 kins v. Louisiana High School Athletic Association, 301 So.2d 695 (La.App. 3rd Cir. 1974).” (Emphasis added.)
The plaintiffs are alleged to be the owners of one-half of the property, either as vendees or heirs of vendees. They clearly have an interest or right to institute the present suit which seeks to enforce an alleged contractual provision affecting their interests. The status of the plaintiffs as co-owners, pursuant to the Sarah J. Terrell deed, has not been questioned. The plaintiffs clearly have a right to bring the action. The exception must be overruled.
For the assigned reasons, the judgment of the trial court sustaining the peremptory exception of no right of action in behalf of the defendants-appellees is reversed and the said exception is overruled. The case is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to the defendants-appellees.
REVERSED AND REMANDED.