GUIDRY, Judge.
This is a suit for breach of contract. On March 16,1981, plaintiffs, Marvin Crawford and Lucille Holts Crawford, filed a petition for breach of contract against defendants, Morris Williber and his alleged surety, Countryside Casualty Company (hereafter Countryside), for damages resulting from the alleged failure of Williber to comply with certain contractual obligations to perform electrical work in plaintiffs’ home. Plaintiffs contend that Williber and Countryside are liable in solido for damages in the amount of $1,863.41. Subsequent to the filing of the present suit, Countryside filed exceptions of no cause of action, no right of action, and improper joinder of parties. The trial court overruled Countryside’s exception of no cause of action, but sustained its exceptions of no right of action and improper joinder of parties, and ordered plaintiffs’ suit against Countryside dismissed with prejudice. Plaintiffs appeal. Defendant, Countryside, did not appeal or answer the appeal.
The following facts, gleaned from the pleadings and evidence, are pertinent to a discussion of the issues presented. The Crawfords entered into a verbal contract with Morris Williber in which Williber *304 agreed to perform electrical wiring and fixture work in plaintiffs’ home located in Bunkie, Louisiana. Pursuant to this agreement, plaintiffs’ agreed to pay Williber $10.00 per hour for his services and $5.00 per hour for the services of his employees. It was further agreed that plaintiffs’ would pay for all necessary materials purchased by Williber in connection with the aforesaid work. Williber began the electrical work on May 12, 1980. After approximately two and one-half months, the electrical work was still not completed. Thereafter Willi-ber, allegedly without cause, informed plaintiffs that neither he nor his employees would complete the electrical work. As a result of Williber’s alleged default, plaintiffs were forced to employ another electrician to complete the necessary work. Allegedly, the newly-employed electrician discovered several errors and defects in the workmanship of Williber and his associates which required the removal of all of the work previously completed by Williber. Plaintiffs further allege that at all pertinent times, Williber, a licensed electrician, was insured by a ONE THOUSAND FIVE HUNDRED AND NO/100 ($1,500.00) DOLLARS license and permit bond issued to him by defendant, Countryside. Pursuant to the aforesaid bond, Countryside, allegedly agreed to indemnify and/or compensate any party or parties who sustained damage or injury resulting from any substandard and/or defective performance of electrical work by Williber or his employees. In response to plaintiffs’ petition, Countryside filed exceptions of no cause of action, no right of action, and improper joinder of parties contending that the surety bond issued to Williber is not a performance bond, but merely a “license and permit bond” issued in favor of the Town of Bunkie pursuant to Bunkie Town Ordinance Section 5:103 which provides in pertinent part as follows:

“Every person, firm, or corporation engaging in the electrical contracting business or the business of building, constructing, assembling, installing and repairing electrically illuminated or electrically powered signs, in said Town, shall execute and deliver to the Mayor of the Town of Bunkie, a good and sufficient bond in the sum of $1,500.00 and conditioned as follows, to wit: That all work installed by said contractor shall be done in accordance with the rules and regulations set forth in this Sub-Chapter and the National Board of Fire Underwriters; shall indemnify and protect any person, firm or corporation with whom said contractor shall thereafter contract to do work for damages sustained on account of the failure of said contractor to perform the work so contracted for; .. .; and shall pay all damages for injury to or encroachment upon the property in construction improvements or doing any work within the scope of this Sub-Chapter. The Town may for itself or for the use and benefit of any person injured or damaged by reason of any breach of any of the conditions of said bond, maintain suit on said bond in any court having jurisdiction thereof, or suit may be maintained by any person injured or damaged by reason of such breach.”

Further, Countryside avers that the aforesaid bond by its clear language does not contain a stipulation pour autrui or third party beneficiary clause or agreement running in favor of plaintiffs such that plaintiffs have a right to sue thereon. As indicated, the trial court overruled Countryside’s exception of no cause of action but sustained its exceptions of no right of action and improper joinder of parties. Countryside has not appealed or answered the appeal. Therefore, the trial court’s ruling on the exception of no cause of action is not at issue. At issue is the correctness of the trial court’s ruling sustaining Countryside’s exceptions of no right of action and improper joinder of parties. For the reasons which follow, we conclude that the trial court erred.
It is well settled that the function of an exception of no right of action is to provide a threshold device for terminating a suit brought by one without legal capacity to file it or without the legal interest to assert it. Bielkiewicz v. Rudisill, 201 So.2d *305 136 (La.App.3rd Cir. 1967) and the authorities therein cited; Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589 (1956); Watkins v. Louisiana High School Athletic Association, 301 So.2d 695 (La.App.3rd Cir. 1974); Terrell v. Messenger, 383 So.2d 128 (La.App.3rd Cir. 1980). There can be no question that the Crawfords have the legal capacity to file the present suit. Thus, the only issue is whether the plaintiffs have a sufficient legal interest in the subject matter of the litigation. Plaintiffs’ petition alleges that defendant, Morris Williber, breached an electrical construction contract existing between the parties and that plaintiffs, as a result of the same, have sustained damages in the sum of $1,863.41. Plaintiffs further aver that Countryside is a surety of Williber and is liable with Williber in solido for the damages sustained by them. Clearly, plaintiffs have a sufficient legal interest in the subject matter of the litigation.
Countryside, in support of its exception, argues that plaintiffs have no right of action because the bond which it issued to Williber is not a performance bond and that such bond was not issued in favor of plaintiffs, but rather, names the Town of Bunkie as obligee. In so contending, Countryside has set forth its defense to liability on the bond. As noted in Bielkiewicz, supra, a party may not use a peremptory exception of no right of action to urge a defense to plaintiffs’ suit.
In commenting upon the proper use of the exception of no right of action, the Bielkiewicz court stated:
“..., the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff’s action. Wischer v. Madison Realty Co., 231 La. 704, 92 So.2d 589; Termini v. McCormick, 208 La. 221, 23 So.2d 52. For instance, in Wischer the Supreme Court reversed the lower courts and held that the defendants could not by this exception introduce a compromise and quitclaim agreement executed by the plaintiff in favor of the defendants, in order to prove that they lacked interest or right to file the suit in question.”
We conclude that the trial court’s action in sustaining Countryside’s exception of no right of action was clearly erroneous.
We likewise determine that the trial court erred in sustaining the exception of improper joinder of parties. Like the exception of no right of action, the exception of improper joinder of parties or misjoinder of parties is not available to urge a defense to the effect that one joined as a defendant is improperly joined or misjoined because that party has a defense to the plaintiffs’ action.
In Watson v. Bethany, 209 La. 989, 26 So.2d 12 (1946), our Supreme Court in quoting from Reardon v. Dickinson, 156 La. 556, 100 So. 715, 716 (1924), stated:4
“ * * The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs, or defendants, have a common interest in the subject matter of the suit.

This test has been approved in several subsequent decisions including State ex rel. Elston v. Parish Democratic Executive Committee, 173 La. 844, 138 So. 857, and Lykes Brothers Ripley S. S. Co., Inc. v. Wiegand Marionneaux Lumber Co., Inc., et al., 185 La. 1085, 171 So. 453, 458.’”

Plaintiffs’ petition reflects that Countryside issued a bond to Williber allegedly indemnifying and/or compensating any party or parties who sustain damage or injury as a result of any substandard and/or defective performance of electrical work done by Wil-liber or his employees. Depending upon the district court’s ultimate characterization of the aforesaid bond, Countryside could be held liable in solido with Williber if the trial court concludes that Williber is guilty of breach of contract. Under the facts of the present case, the parties joined as defendants in the instant matter clearly have a common interest in the outcome of the present litigation, thus, the test for proper joinder of parties as enunciated in Watson is satisfied. Consequently, we conclude *306 that the trial court’s finding to the contrary was erroneous.
For the above and foregoing reasons, the judgment of the trial court sustaining the exceptions of no right of action and improper joinder of parties filed by defendant, Countryside Casualty Company, is reversed and set aside and this matter is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by appellee, Countryside Casualty Company. The assessment of all other costs will await the final disposition of this matter.
REVERSED AND REMANDED.