329 So.2d 206 (1976)
UPPER AUDUBON ASSOCIATION et al.
v.
AUDUBON PARK COMMISSION et al.
The AUDUBON PARK COMMISSION
v.
NOVELTY ENTERPRISES, INC.
The AUDUBON PARK COMMISSION
v.
J. D. DOUGLASS CONCESSIONS, INC.
Nos. 7247, 7318 and 7455.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
Rehearings Denied April 13, 1976.
Writ Refused June 2, 1976.
*207 Vernon V. Palmer, Sidney M. Bach, New Orleans, for Upper Audubon Ass'n, et al.
Thomas A. Rayer, New Orleans (Denechaud & Denechaud), New Orleans, for Novelty Enterprises, Inc. and J. D. Douglass Concessions, Inc.
Phillip A. Wittman, S. Michael Henry, New Orleans (Stone, Pigman, Walther, Wittmann and Hutchinson), New Orleans, for Audubon Park Commission.
Before REDMANN, LEMMON and STOULIG, JJ.
REDMANN, Judge.
These appeals question whether Louisiana's public lease law, R.S. 41:1211-1222, applies to leases by the Audubon Park Commission for the City of New Orleans. The Commission was created by La. Acts 1914, No. 191, to control and manage Audubon Park, which is state-owned, City of New Orleans v. Board of Comm'rs. of Port of N.O., La.App.1962, 148 So.2d 782, writ refused 244 La. 204, 151 So.2d 493. A second question is whether the Commission may use summary proceedings to regain possession of land leased without compliance with the public lease law.
We answer yes to both questions.

The Appeals
Citizen-taxpayers obtained a judgment declaring invalid, for noncompliance with advertisement and public bidding provisions of the public lease law, a lease by the Commission to Novelty Enterprises, Inc. Novelty appealed.
The Commission acquiesced in that judgment, and brought a rule to evict Novelty. Refused eviction, the Commission appealed.
The Commission also brought a rule to evict J. D. Douglass Concessions, Inc., on the ground that Douglass's lease was a nullity. Eviction was granted and Douglass appealed.
The three appeals have been consolidated.

Standing
In the first appeal, Novelty questions the plaintiffs' standing to sue.
To show standing in Louisiana a taxpayer need only show an effect upon the public fisc by the government action in question. Stewart v. Stanley, 1941, 199 La. 146, 5 So.2d 531; Roussel v. Noe, La.App.1973, 274 So.2d 205, writ refused 281 So.2d 743; Bussie v. Long, La.App.1973, 286 So.2d 689, writ refused 288 So.2d 354. Here the showing is not only that, because not publicly bid, the lease may not provide the highest rental, but also that the lease calls for expenditures by the Commission.
The standing of the individual plaintiffs is shown. (We do not consider, because unnecessary to our decision, whether the plaintiff association also has standing.)

Public Lease Law Controls
Appellants argue that Acts 1958, No. 492, exempts the Commission from the public lease law, and provides authorization to the Commission to enter leases by negotiation rather than by public advertisement and bid. That act vests in the Commission
*208 "authority to enter into contracts with private individuals, firms or corporations for the establishment, maintenance and operation of park recreational and entertainment facilities and activities. . ., and to charge and collect from said contracting parties rental for the use of said park property."
Appellants cite Hebert v. Police Jury of W. Baton Rouge Parish, La.App.1967, 200 So.2d 877, and the authorities it cites, in support of this position.
This position, however, is by implication rejected by Arnold v. Board of Levee Comm'rs, La.App.1976, 327 So.2d 495, which discusses in depth the history and purposes of the public lease law, the principle of express exception by other statutes, and the cases appellants rely upon.
We do not find any provision in Acts 1958, No. 492, which differentiates this case from Arnold. Authority to "charge and collect . . . rental" does not even imply authority to fix rental other than by public advertisement and bid. Without repeating Arnold's pertinent discussion and analysis, we point out that the statute appellants cite was enacted subsequent to the public lease law, when any intent to create an exemption from that law had more reason to be express than did Arnold's statute, enacted long before the public lease law.
We hold that the public lease law is applicable. (See also Giles v. New Orleans City Park Improvement Ass'n., La.App.1975, 306 So.2d 823, writ refused 310 So.2d 841.)

Availability of Summary Proceedings
In the eviction proceedings, the lessees excepted that the use of summary procedure to evict is not available. (The brief in support clarifies that this is the intent of the exception described as one of "no cause of action.")
C.C.P. 4701 may not be yet applicable. It provides a method of evicting a lessee whose right of occupancy "has ceased". A definitive judgment declaring a lease null might be interpretable as causing the lessee's ostensible right to cease; but the declaratory judgment annulling Novelty's lease was not definitive, and there was no judgment at all as to Douglass. As to Douglass, the rule to evict was a first notification of a theory of nullity of its lease: it was a rule to show cause why the lease should not be declared a nullity (and why the lessee should not therefore be evicted).
Summary proceeding is available, C.C.P. 2592, in all cases where the law permits and R.S. 13:5035 provides "summary" hearing of suits by the state for "possession of real property". A summary proceeding may be commenced by rule to show cause, C.C.P. 2593. We therefore conclude that the Commission's proceeding by rule, even if not technically available under C.C.P. 4701, is authorized under R.S. 13:5035 to obtain possession of immovable property.
The exception to the summary procedure was correctly overruled as to Douglass and incorrectly maintained as to Novelty (despite the Commission's reliance on C.C.P. 4701 alone).

Arbitrary Discrimination
Finally, it is argued by Douglass that the Commission discriminates arbitrarily by evicting it while allowing other lessees to remain in possession.
We find that there are only three lessees with terms beyond one month; of those two are here involved and the third (the Audubon Golf Club) was, at trial time, being approached for an extra-judicial cancellation and settlement of its lease. As to other concessionnaires or lessees, we do not suggest that the public lease law allows unadvertised and unbid leases on a monthly (or shorter) basis any more than on longer terms; but, if, e.g., the balloon-sales concession is subject to the public lease law, the Commission's effort seems reasonable *209 as a stop-gap to keep the park operating until leases can be granted in compliance with the public lease law. The leases of Novelty and Douglass, on the other hand, need not be allowed to continue on a similar month-to-month basis as a matter of equal protection of the law, La.Const. art. 1, § 3, because these leases (as recently amended) call for removal from present locations to accommodate zoo expansion, and for construction by the Commission of new facilities at new locations. These lessees are therefore in a different position, unable to continue in possession even on the basis of an occupancy terminable at will, and the Commission has not unlawfully discriminated against them.
The judgments in Nos. 7247 and 7455 are affirmed. That in No. 7318 is reversed, and the Commission's rule to evict, as a rule for possession under R.S. 13:5035, is made absolute at Novelty's cost.