GROVER L. COVINGTON, Chief Judge.
On this appeal the plaintiffs, State of Louisiana ex rel. William J. Guste, Jr., Attorney General and Louisiana Department of Corrections, ask this Court to reverse the lower court’s judgment sustaining the exception of lis pendens filed by defendant, Louisiana Biologicals, Inc.[1]
The State of Louisiana, ex rel. William J. Guste, Jr., Attorney General, and the Louisiana Department of Corrections, which own certain buildings at various state correctional institutions that are presently occupied by the defendant, Louisiana Biologi-cals, Inc., instituted this action for eviction of the defendant. On November 5, 1984, the plaintiffs served the defendant with formal eviction notices pursuant to Article 4702 of the Louisiana Code of Civil Procedure.
Prior to the expiration of the five days waiting period regarding these Eviction Notices, required by the Code of Civil Procedure, and before plaintiffs could legally file their rule to evict, defendant, through its attorney, on November 9, 1984, filed a Petition for Declaratory Judgment to determine the validity of the subject contract of lease in the 19th Judicial District Court. Subsequently, on November 14, 1984, plaintiffs filed “Rules to Evict Occupant and/or Tenant” in the 20th Judicial District Court. Thereupon, the defendant filed an exception of lis pendens to the rule in the summary proceeding, claiming that the proceeding was barred by the pendency of the defendant’s declaratory action. The lower court sustained the exception of lis pen-dens, finding that the eviction proceeding was barred by the pendency of the defend *1023 ant’s ordinary proceeding. Plaintiffs then applied for writs, which were denied on the basis that they had an adequate remedy on appeal. This appeal followed.
On this appeal, appellee contends that the present proceeding did not commence until after it had brought its declaratory proceeding. The appellants argue that they commenced their proceeding by delivery of the notice to vacate the premises.
It is not necessary for us to rule on the question of whether delivery of written notice to vacate in an eviction proceeding is commencement of the proceeding for purposes of lis pendens because by special statute, La.R.S. 13:5035,[2] the state has the right to use summary proceedings to obtain possession of immovable property. See Upper Audubon Association v. Audubon Park Commission, 329 So.2d 206 (La.App. 4th Cir.1976), writ denied 333 So.2d 240 (La.1976). The exception of lis pendens is not available to defendant under the circumstances of this case to prevent plaintiffs’ summary proceeding for eviction.
For the assigned reasons, the judgment appealed is reversed and defendant’s exception of lis pendens is overruled. The case is remanded for further proceedings consistent with this opinion. Imposition of costs shall await final disposition of the case.
REVERSED AND REMANDED.

. Appellee moves this Court to dismiss this appeal on the basis that the judgment below was not a final judgment from which an appeal may be taken. There is no merit to this motion. When this matter wás before this Court on writ application, we denied the writ and stated that the relator (appellant) "has an adequate remedy on appeal. See Robertson v. Aetna Casualty and Surety Company, 232 So.2d 829 (La.App. 4th Cir.1970).”

. R.S. 13:5035:
Suits for trespass, damages or possession of real property; summary trial; special jury panel
All suits for trespass, for damages, or for possession of real property, filed by the state against any person, firm or corporation, and all matters incidental thereto, shall be heard and determined by the court in a summary manner, in term time, or vacation. Should a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law. All judgments rendered in any of these causes shall also be tried summarily by the appellate court having jurisdiction.