688 So.2d 193 (1997)
Henry George McCALL
v.
Harry McCALL, Jr., City of New Orleans, et al.
No. 96-CA-0394.
Court of Appeal of Louisiana, Fourth Circuit.
January 29, 1997.
Writ Denied May 1, 1997.
*194 Thomas W. Tucker, Lisa C. West, Tucker & West, New Orleans, for appellants Henry George McCall and Harry McCall, Jr.
Edward D. Markle, Barrett Daly, Markle & Daly, New Orleans, and Michael Botnick, Assistant City Attorney, New Orleans, for defendants-appellees City of New Orleans and Rivergate Development Corp.
Harry A. Rosenberg, Brent B. Barriere, Diane Hollenshead Copes Phelps Dunbar, New Orleans, for appellee Harrah's Jazz Company.
Before KLEES, LOBRANO, PLOTKIN, WALTZER and LANDRIEU, JJ.
KLEES, Judge.
Appellants Henry George McCall (original plaintiff) and Harry McCall, Jr., (original defendant) seek to have us overturn the district court's judgment which held that plaintiff has no right of action or "standing" to maintain the instant lawsuit. The plaintiffs do have "standing" to maintain this suit and the district court is reversed.
The procedural history of this lawsuit is long and complex. On April 26, 1993, Henry McCall filed a petition for declaratory judgment and/or partition against his cousin Harry McCall, Jr. and the City of New Orleans ["the City"] contending that the City, by means of Ordinance No. 18,425, had illegally revoked the dedication of certain streets (namely Fulton, Front and Delta) which plaintiff claimed were privately owned by him. Defendant Harry McCall, Jr. reconvened against the City demanding an accounting from the City for the use of the property allegedly owned by him and his cousin, the plaintiff. In April 1993, the City Council adopted three ordinances (Nos. 15,777, 15,804, and 15,806) which successively authorized the incorporation of the Rivergate Development Corporation ["RDC"], the lease of the property in question to the RDC, and the sublease of the same property from the RDC to a casino developer, Celebration Park Casino, Inc. ["Celebration Park"]. These leases were executed on April 27, 1993.
Approximately five months later, in October 1993, defendant Harry McCall, Jr. filed an amended reconventional demand objecting to ordinances 15,777, 15,804, and 15,806, and naming the RDC as a party to the suit.[1] The *195 City Council subsequently decided to lease the property to Harrah's Jazz Company ["Harrah's"] instead of Celebration Park, and in March 1994 passed two further ordinances authorizing the lease from the City to the RDC and from the RDC to Harrah's, which leases were then executed. Harrah's is the present lessee and operator, and has since gone into bankruptcy.
The RDC and the City filed a motion for summary judgment asking the trial court to dismiss the claims of Henry and Harry McCall on the grounds that the McCalls had no ownership interest in the property and no standing to object to the formation of the RDC or the leasing of the property, and alternatively, that the formation of the RDC and the leasing of the property were legal and proper. The trial court granted the motion, and the McCalls appealed. This court affirmed the trial court's judgment on the ownership issue, holding that the McCalls did not own the property, but remanded the case because the majority was of the opinion that the trial court had not considered the standing issue. McCall v. McCall, 94-1614 (La.App. 4 Cir. 2/23/95); 651 So.2d 878, writ denied, 95-1071, 95-1072, 95-1075, 95-1077 (La.6/30/95); 657 So.2d 1032, 1033.
Back in the district court, the City and the RDC filed a motion for summary judgment again based on the issue of standing and alternatively, on the grounds that the RDC was legally formed and the leases properly confected. On December 5, 1995, the district court dismissed the motion for summary judgment but maintained an exception of no right of action, which the court noticed on its own. Essentially, the court held that the McCalls have no personal interest in the litigation separate from the interest of the general public, and therefore have no standing to pursue this action under League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980). The McCalls appeal.
In granting the exception of no right of action, the trial court found that the McCalls have no standing to bring the amended reconventional demand under the rules established by the Louisiana Supreme Court in League of Women Voters v. City of New Orleans, supra, a mandamus proceeding in which the court stated as follows:
A public right or duty may not be compelled or enforced by a private citizen without a showing of a personal grievance or interest in the outcome ...
A plaintiff must have a real and actual interest in the action he asserts, LSA-C.C.P. art. 681. Without a showing of some special interest in the performance sought of a public board, officer or commission which is separate and distinct from the interest of the public at large, plaintiff will not be permitted to proceed.
Id. at 446-47 (citations omitted). The trial court held that the McCalls have no interest in the litigation separate from that of the general public, and thus have no standing.
However, the trial court's reasons for judgment indicate that he did not consider the exception to the above rule. The League of Women Voters case itself recognizes that exception, citing Bussie v. Long, 286 So.2d 689 (La.App. 1 Cir.1973) writ refused, 288 So.2d 354 (La.1974) with approval and stating as follows:
In Bussie ..., [t]he court held that when a public official charged with the unlawful performance or the refusal to perform a legal duty discriminates against a taxpayer by increasing his tax burden or otherwise injuriously affecting his person or property, the taxpayer need not show such an interest in order to sustain a right of action.
381 So.2d at 447.
The fact that the Louisiana Supreme Court intended to retain this exception even after the League of Women Voters was specifically confirmed in the following pronouncement by that court in Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Board, 586 So.2d 1354 (La.1991):
In League of Women Voters we were careful to point out that unlike a citizen attempting to compel the performance of a public duty, a citizen attempting to restrain *196 unlawful action by a public entity is not required to demonstrate a special or particular interest distinct from that of the public at large. Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable.
Id. at 1358 (citations omitted, emphasis added). The Louisiana General Contractors case could, in fact, be construed to have limited the rule established by League of Women Voters to mandamus actions, as demonstrated by the following statement:
The requirement that a plaintiff in a mandamus proceeding demonstrate a "special interest" in the action was imposed to insure a fair presentation and development of the issues by truly adverse parties. Without a showing of such a personal and special interest in mandamus cases, we feared interference by the judiciary would surpass the authority allocated by the tripartite system.
Id. See also Davis v. Franklin Parish School Board, 412 So.2d 1131, 1133 (La.App. 2 Cir.1982) writ denied, 415 So.2d 942 (La. 1982). ("This plaintiff is attempting to restrain action by a public body that affects the public fisc, and we must find that he has an interest, however small and indeterminable, sufficient to afford him a right of action." Id. at 1133.)
The sole purpose of a peremptory exception of no right of action is to challenge the plaintiff's interest in the subject matter of the suit or his legal capacity to proceed with the suit. Marquis v. Cantu, 371 So.2d 1292, 1294 (La.App. 3 Cir.1979). See also Department of Highways v. Capone, 248 So.2d 62, 63 (La.App. 1 Cir.), writ denied, 259 La. 682, 251 So.2d 380 (1971).
Consideration of the amended reconventional demand in the instant case, in light of the current jurisprudence on standing, reveals that the trial court erred in granting the exception of no right of action and dismissing the case. There is at a minimum a "small and indeterminable" interest involved. Accordingly the trial court's judgment is reversed and the case is remanded for a trial on the merits.
REVERSED.
NOTES
[1] The reconventional demand claims that Ordinance No. 15,777 violates La. Const. arts. 7 § 14 and 6 § 44 and Home Rule Charter art. III, art. V ch. 4, and art. VI §§ 205, 206, and 306 by allowing the mayor of the City of New Orleans to dispose of the property and credit of the city. The reconventional demand further alleges that Ordinances No. 15,804 and 15,806 violate LSA R.S. 41:1215(B)(4), which requires that property leased by the City revert to the City at the expiration of the lease and R.S. 41:1216, which requires property leased by a political subdivision to be contiguous and restricts leases between a political subdivision and an individual- or related entity- to one.