921 So.2d 988 (2005)
Eugene RALPH, Gregory Pembo, Helen E. Robinson, Phyllis Everage, Lionel Brackitt and Elle Bennett
v.
CITY OF NEW ORLEANS and the New Orleans City Council.
No. 2004-CA-1270.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 2005.
*991 James L. Arruebarrena, Alliance Defense Fund, Houston, TX, and J. Michael Johnson, Alliance Defense Fund, Shreveport, LA, for Plaintiff/Appellant.
Deborah M. Henson, Thomas A. Robichaux, Assistant City Attorney, Evelyn F. Pugh, Chief Deputy City Attorney, Sherry S. Landry, City Attorney, New Orleans, LA, for Defendant/Appellee.
Brian Chase, Lambda Legal, Dallas, TX, for Intervenors/Appellees.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS SR., Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Plaintiffs, Eugene Ralph, Gregory Pembo, Helen E. Robinson, Phyllis Everage, Lionel Brackitt, and Elle Bennett appeal the trial court's judgment granting defendants' Peremptory Exceptions of No Right of Action, No Interest in Plaintiff to Institute this Suit, and No Cause of Action. For the following reasons, we affirm the judgment of the trial court in dismissing plaintiffs' claim.

FACT BACKGROUND AND PROCEDURAL HISTORY
The New Orleans City Council, governing body for the City of New Orleans ("Council"), enacted Chapter 87 of the New Orleans Code of Ordinances ("Municipal Code"), which establishes the acknowledgement of domestic partnerships. The provisions set forth in Chapter 87 § 87-1 of the Municipal Code acknowledges Domestic Partnerships and establishes a Domestic Partnership Registry. The Domestic Partnership Registry ("Registry")
. . . establishes a mechanism for the public expression and documentation of the commitment reflected by the domestic partnership, whose members either cannot or choose not to marry.
§ 87-1(b).
Domestic Partners, as defined in Chapter 87 § 87-2, are:
. . . two people who have chosen to share one another's lives in an intimate and committed relationship of mutual caring, who live together and have signed a declaration of domestic partnership in which they have agreed to be jointly responsible for basic living expenses incurred during the domestic partnership, and have established their partnership under section 87-5(a).
The Registry, which is maintained by the Clerk of Council, is self-sustaining and generates a small profit to the City. The Registry allows for domestic partners to obtain a declaration of domestic partnership upon the filing of notarized paperwork and payment of a thirty-five dollar ($35.00) fee to the City. The Registry also charges a seven-dollar ($7.00) fee to provide certified copies of declarations, amendments, and notice of terminations.
Under the City's health care program, Marlin Gusman, the Chief Administrative Officer of the City of New Orleans ("City") *992 announced a new policy to provide Domestic Partner coverage to same-sex partners of City employees who are registered with the Registry. The City's health care program provides benefits funded by both City and individual employee contributions. The City's contribution is generated from the General Fund Operating Budget, which includes non-dedicated taxes (including sales, use, and property taxes, inter alia.), fees, fines, and service charges. Individual employee contributions are taken from each paycheck of respective City employees who are enrolled in the City's health care program. Currently, ten (10) City employees are registered and participate in the City's Domestic Partner Health Care Program.
On June 27, 2003, Eugene Ralph, Gregory Pembo, Helen E. Robinson, Phyllis Everage, Lionel Brackitt, and Elle Bennett (hereinafter collectively referred to as "Bennett") filed a Petition for Declaratory Relief against the City and Council seeking a declaratory judgment that defendants acted ultra vires and without statutory authority in (1) establishing Chapter 87 of the New Orleans Municipal Code and (2) extending health care insurance and/or other benefits to unmarried domestic partners of City employees. Plaintiffs also filed a petition for injunction against the City and the Council to enjoin the enforcement of Domestic Partnership policy and its related ordinances. In response, the City and Council filed Peremptory Exceptions of No Right of Action, No Interest in Plaintiffs to Institute this Suit, No Cause of Action, and a motion seeking costs and fees. Subsequently, Peter Sabi, a City employee, and Philip Centanni, Jr., his registered domestic partner, intervened as additional defendants in the suit as members of the City's Domestic Partner Health Care Program.
On November 20, 2003, Judge Yada T. Magee conducted a hearing on the matter. Prior to rendering a decision on defendants' Peremptory Exceptions, Judge Magee recused herself from the case sua sponte. Accordingly, the case was reassigned to Judge Louis A. DiRosa, who was serving Ad Hoc for Judge Nadine Ramsey. Bennett then filed a Rule to Show Cause as to why the defendants' peremptory exceptions and motion for fees should not be denied. A new hearing on the exceptions and motions was set for April 16, 2004. With leave of court, all parties agreed to submit the matter on the briefs. On May 11, 2004, the trial court granted the defendants' Peremptory Exceptions of No Right of Action, No Interest in the Plaintiff to Institute Suit, and No Cause of Action. Further, the trial court assessed each party their own costs; however, the trial court did not assign Reasons for Judgment. From this judgment, Bennett appeals.
Bennett avers that the trial court erred in granting defendants' Peremptory Exceptions of No Right of Action/No Interest in Plaintiffs to Institute this Suit and No Cause of Action.

Legal Analysis
The function of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888 (citing Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972)). Conversely, the Exception of No Right of Action determines whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition, that is, whether the particular plaintiff has a real and actual interest in the subject matter of the litigation. Id., p. 4, 646 So.2d at 888. Logically, the first *993 issue to be addressed is whether the plaintiffs have stated a cause of action.

EXCEPTION OF NO CAUSE OF ACTION
Plaintiffs assert that the City ordinance establishing the Domestic Partnership Registry and extending health care coverage and/or other benefits for registered domestic partners of City employees is unconstitutional because it violates Article 6 § 9 of the Louisiana Constitution. Additionally, the petition alleges that the Council has exceeded its authority by adopting an ordinance that provides benefits to domestic partners because such an ordinance conflicts with Louisiana's public policy, as expressed in the state constitution and various statutes which favor marriage over unmarried cohabitation by two adults. The plaintiffs assert that they seek declaratory and injunctive relief as residents and taxpayers of the City of New Orleans. In response, defendants filed an Exception of No Cause of Action, which the trial court granted. Plaintiffs aver that the trial court erred in granting defendants' exception of no cause of action.
Because the function of the Exception of No Cause of Action is to question whether the law extends a remedy to anyone under the factual allegations of the petition, we must determine such in light of both assertions made by plaintiff. The dispositive issue is whether plaintiff's have a cause of action in challenging the constitutionality of the ordinances enacted as Chapter 87, Section 87 of the New Orleans Municipal Code.
Louisiana has a system of fact pleading and the mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action. Montalvo v. Sondes, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. The court reviews the petition and accepts well-pleaded allegations of fact as true, in the absence of evidence to the contrary. See City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. The issue at the hearing on the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). In the instant petition, the plaintiffs' factual allegations include the following:
(1) In a memorandum dated May 23, 1997, the Chief Administrative Officer of the City announced that same sex domestic partnership coverage was now available under the City's Health Care Program and announced the utilization of a domestic partnership registry, and provided guidance for city employees to enroll same sex partners and any eligible dependents;
(2) Such coverage became effective July 1, 1997;
(3) That the Council adopted and codified the domestic partner benefits provision by enacting Chapter 86, Sections 86-161 through 86-168 of the New Orleans Code of Ordinances;
(4) On July 17, 1999, these provisions were readopted and reenacted as Chapter 87, Sections 87-1 through 87-8 of the Code of Ordinances;
(5) Section 87-1 describes the purpose of the ordinances in an effort to serve the city's "interest in strengthening and supporting all caring, committed and responsible family forms has led to the definition and recognition of the domestic partnership as a relationship and family unit that is deserving of official recognition;" to establish "a mechanism for the public expression and documentation of the commitment reflected by the domestic partnership, whose members either cannot or choose not to marry;" and to extend "certain of the societal *994 privileges and benefits now accorded to members of a marriage . . . to those who meet the qualifications of domestic partnership."
(6) Section 87-2, which provides definitions, defines the term "domestic partners" as "two people who have chosen to share one another's lives in an intimate and committed relationship of mutual caring, who live together and have signed a declaration of domestic partnership in which they have agreed to be jointly responsible for basic living expenses, and who have established their partnership under section 87.5(a)";
(7) The remaining section of Chapter 87 set forth: the rights and duties of domestic partners (section 87-3), how a domestic partnership may be established (section 87-5); the qualifications for same (Section 87-6), filing and record-keeping provisions (Section 87-7), and how a domestic partnership may be terminated (Section 87-8);
(8) The Registry is administered and maintained by the Clerk of the Council, and there is a $35.00 fee to register a domestic partnership;
(9) The City is spending tax money to pay for health insurance and/or other benefits for at least one person who has qualified as a "domestic partners" under the ordinance.
Plaintiffs assert that the adoption of Chapter 87 of the Municipal Code violates Louisiana Constitution Article 6 § 9, which states in pertinent part: "No local governmental subdivision shall . . . enact an ordinance governing private or civil relationships." The City argues that the ordinance, on its face, does not "govern" private or civil relationships. This Court, in Southern Tool & Supply, Inc. v. Berman Precision, Inc., 03-0960, pp. 6-7 (La.App. 4 Cir. 11/26/03), 862 So.2d 271, 277 addressed the standard of review for Exceptions of No Cause of Action.
We review a trial court's decision on an exception of no cause of action de novo `because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.' City of New Orleans v. Board of Comm'rs of Orleans Levee Dist., 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In so doing, we are confined to the allegations of the petition. No evidence can be introduced to support or to controvert an exception of no cause of action. La. C.C.P. art. 931. Rather, we must accept as true the well pleaded factual allegations set forth in the petition. Based thereon, our job is to determine `whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.' Everything on Wheels Subaru v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
A defendant's peremptory exception of no cause of action is designed to test the legal sufficiency of the plaintiff's petition. It poses the question of `whether the law affords a remedy on the facts alleged in the pleading.' Id. . . . As we recently noted, "[I]t is insufficient to state a cause of action where the petition simply states legal or factual conclusions without setting forth facts that support the conclusions." Bibbins v. City of New Orleans, XXXX-XXXX, p. 5 (La.App. 4th Cir.5/21/03), 848 So.2d 686, 691 writ denied XXXX-XXXX (La.10/10/03), 855 So.2d 357.
The exceptor has the burden of proving that the petition fails to state a cause of action. This burden serves the public policy of affording the plaintiff his day in court to present his case.
In appraising the sufficiency of the petition, the appellate court follows the accepted rule that "a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that *995 the plaintiff can prove no set of facts in support of any claim which would entitle him to relief." Ezell v. Dyess, 02-0878, pp. 3-4 (La.App. 4 Cir. 10/23/02), 831 So.2d 369, 371. While a court must accept the well-pleaded allegations of fact as true in deciding whether a petition states a cause of action, Louisiana nonetheless retains a system of fact pleading such that mere conclusions made by the pleader, which are unsupported by facts, will not be said to set forth a cause of action. Montalvo, 98-2813, p. 6, 637 So.2d at 131.
Based upon these factual allegations pled by plaintiffs in their petition, we find that plaintiffs have alleged sufficient facts to state a cause of action challenging the constitutionality of the City ordinance at issue. The text of the City ordinance clearly concerns civil relationships; however, whether the ordinance "governs" civil relationships in violation of Article 6 § 9, is an issue that ultimately must be decided by the court on the merits of the case. Therefore, we find that trial court erred by granting the Exception of No Cause of Action. Plaintiffs have stated a cause of action regarding the constitutionality of the ordinance, accordingly, we need not address whether plaintiffs have also asserted a cause of action with regard to the ordinance's alleged violation of Louisiana public policy.

EXCEPTION OF NO RIGHT OF ACTION /NO INTEREST IN PLAINTIFF TO INSTITUTE THIS SUIT
Defendants filed Peremptory Exceptions of No Right of Action/Want of Interest in response to plaintiffs' bifurcated petition, which asserted the Council acted ultra vires in enacting the Domestic Partnership Registry and related ordinances and the City acted ultra vires in extending health coverage and/or other benefits to registered domestic partners of City employees. The issues before this Court require us to address plaintiffs' standing as it relates to both causes of action: (1) challenging the constitutionality of the enacted domestic partnership ordinances and (2) challenging the acts of the City in extending healthcare insurance benefits to same-sex registered domestic partners of its employees.
The function of an Exception of No Right of Action is to raise the general issue as to whether any remedy is afforded by the law; whereas, the function of the exception of No Interest in Plaintiff to Institute this Suit is to raise the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. Wischer v. Madison Realty Company, Inc., 231 La. 704, 709-710, 92 So.2d 589 (1956). "Fundamentally there is no distinction between the exception of no right of action and that of want of interest." Id., 231 La. at 709, 92 So.2d 589. In La. Paddlewheels v. La. Riverboat Gaming, 94-2015, pp. 4-5 (La.11/30/94), 646 So.2d 885, 888, the Louisiana Supreme Court addressed the exception of No Right of Action:
An action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. The exception of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. La.Code Civ.Proc. art. 927(5). . . . The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case has a legal interest in the subject matter of the litigation. (citations and footnote omitted).
Both exceptions relate specifically to the person of the plaintiff, questioning whether the plaintiff falls within the class of persons who have the legal interest and legal capacity to bring the cause of action asserted. Accordingly, determination of whether the plaintiff has a *996 right of action is a question of law. Horrell v. Horrell, 99-1093, p. 5 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 367-68. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96-0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358.

Standing to Challenge Constitutionality of the City Ordinance
In light of defendants' Exception of No Right of Action/Want of Interest, before addressing the alleged constitutionality of the ordinance, the trial court was required to address the issue of whether plaintiffs had standing to pursue claims that the Council acted ultra vires and exceeded its authority by enacting the allegedly unconstitutional ordinance. Cat's Meow, Inc., v. City of New Orleans Through Department of Finance, 98-0601, p. 19 (La.10/20/98), 720 So.2d 1186, 1200.
Standing requires that a plaintiff have adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. Meredith v. Ieyoub, 95-0719, p. 4 (La.App. 1 Cir. 4/4/96), 672 So.2d 375, 378 quoting Mouton v. Department of Wildlife & Fisheries, 95-0101, p. 6 (La.App. 1 Cir. 6/23/95), 657 So.2d 622, 626. That requisite interest that plaintiff must possess has been codified in La. C.C.P. art. 681, providing that the interest must be real and actual. La C.C.P. art. 681 provides that "an action can be brought only by a person having a real and actual interest which he asserts." Emphasis added. Accordingly, the plaintiff must show a legally protectable and tangible interest in the litigation. Richardson v. Reeves, 600 So.2d 138, 140 (La.App. 2nd Cir.1992), citing Bruneau v. Edwards, 517 So.2d 818, 821 (La.App. 1st Cir.1987).
Plaintiffs assert they have standing to challenge the constitutionality of the municipal ordinances regarding domestic partnerships, because they are taxpayers, which provide them with the requisite real and actual interest. La. C.C.P. art. 681. In assessing the real and actual interest required to contend the validity of a municipal ordinance, the Louisiana Supreme Court has opined that taxpayers generally have standing to contest the validity of a municipal ordinance whenever its enforcement may increase the burden of taxation. State ex rel. Orr v. City of New Orleans, 24 So. 666 (La.1898). In absence of a showing that they may suffer an increase in the burden of taxation, a taxpayer may also have the requisite standing to bring an action against the government if it can be shown that the taxpayer or taxpayer's property has been otherwise unjustly affected. Citizen Committee for Better Law Enforcement v. City of Lafayette, 95-1630, p. 5 (La.App. 3 Cir. 11/2/96), 685 So.2d 289, 292.
In Alliance for Affordable Energy v. Council of the City of New Orleans, 96-0700 (La.7/2/96), 677 So.2d 424, the Louisiana Supreme Court explained what constitutes "standing" in an action brought by a taxpayer seeking to challenge a local ordinance:
Louisiana Jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Id. [citing Louisiana General Contractors Inc. v. Calcasieu Parish School Board, 586 So.2d 1354, 1357 (La.1991)] Under our law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). "the fact that the taxpayer's interest may be small and insusceptible of accurate determination is not *997 sufficient to deprive him of his right." Id.

This Court in League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980), further refined this standard and held that "a taxpayer will not be allowed to compel the performance of a public duty by mandamus absent the showing of some special interest which is separate and distinct from the interest of the public at large." Id. at 447. On the other hand, a citizen seeking to restrain unlawful action by a public entity, Stewart, 5 So.2d 531, is not required to demonstrate a special or particular interest distinct from the public at large. Id. Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable. See Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963), Stewart, 5 So.2d at 531.
Id., p. 6, 677 So.2d at 428.
In the case sub judice, plaintiffs have established that they are residents and taxpayers of the City, and as such, challenge the constitutionality of the municipal ordinance enacted by the Council; plaintiffs, however, are not absolved of the requirement of showing a real and actual interest, in accordance with La. C.C.P. art. 681. The Supreme Court held that taxpayers of the City of New Orleans had standing to bring the action challenging the legality of the City Council's ordinance exempting a certain type of city contract from competitive bidding requirements established by the city's Home Rule Charter. As support for its holding, the Court noted that the money budgeted for the contracts constituted an increased burden on the tax base, and additionally, that the plaintiffs' stated interest "in the health and welfare of the residents of Orleans Parish" was sufficient to give them standing. Alliance for Affordable Energy, 96-0700, p. 8, 677 So.2d at 429.
This Court, in McCall v. McCall, 96-0394 (La.App. 4 Cir. 1/29/97), 688 So.2d 193, addressed the issue of taxpayer's standing challenging City ordinances. In McCall, we held that the plaintiff, a City resident, who asserted that the City, by means of ordinance, illegally revoked the dedication of certain streets, which plaintiff claimed were privately owned by him, had standing to challenge City ordinances. One of the named defendants in McCall reconvened against the City demanding an accounting from the City for the use of the property allegedly owned by him and his cousin, the plaintiff. The reconventional demand was amended to assert claims that various ordinances were violative of the La. Const, Home Rule Charters, and Louisiana Statutes, by allowing the Mayor of the City of New Orleans to dispose of the property, credit the City, and in creating leases that did not require property leased by the City to revert to the City at the expiration of the lease. In so holding, this Court indicated, upon review of the amended reconventional demand, that the plaintiff possessed the requisite interest, however small and indeterminable, sufficient to afford him a right of action. Id., p. 4, 688 So.2d at 196. Accordingly, in following Alliance and its progeny, we must determine if plaintiffs possess the requisite interest sufficient to deny an Exception of No Right of Action in challenging the constitutionality of the City's ordinance.
Our interpretation of the jurisprudence provides that plaintiffs are afforded a right of action upon a mere showing, of at the very least, a small interest in the instituted claim, by either an increase in their tax burden, the ability to establish that they or their property is otherwise unjustly affected, or a stated interest in *998 the health and welfare of the citizens. To wit, to possess standing sufficient to challenge the constitutionality of a municipal ordinance, the plaintiff must evidence the requisite interest in the instituted claim. Interest sufficient to afford a plaintiff a right of action requires more than a mere academic interest in the instituted claim. See Citizen Committee for Better Law Enforcement, 685 So.2d at 293. Distinct from the plaintiffs in Alliance, the plaintiffs' petition, in the case at bar, is absent the assertion that their interest is vested in the health and welfare of the residents of Orleans Parish. Further, our review of the record cannot support a finding that the passage of the domestic partnership ordinances has increased plaintiffs' tax burden or that plaintiffs' tax burden would be decreased if the ordinances were repealed. Moreover, the record is absent a showing that plaintiffs or their property are otherwise unjustly affected by the municipal ordinance, which establishes a domestic partner registry. In the absence of evidence to support a finding that plaintiffs demonstrate some other real and actual interest, we cannot find that plaintiffs possess the requisite real and actual interest in the present litigation to establish standing.

Plaintiffs Standing to Challenge the City's Act of Extending Benefits
Plaintiffs not only seek to have the ordinance declared unconstitutional, but also to enjoin the City from extending health care benefits to the registered partners of City employees. When a taxpayer is seeking to restrain unlawful action of a public entity, that citizen is not required to have the special and peculiar or particular interest required of a plaintiff who was seeking to compel the performance of a public duty. Davis v. Franklin, 412 So.2d 1131, 1133 (La.App. 2nd Cir.1982), citing League of Women Voters v. The City of New Orleans, 381 So.2d 441 (La.1980).
A citizen seeking to restrain unlawful action by a public entity is not required to demonstrate a special or particular interest distinct from the public at large. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable. See Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963), Stewart, 5 So.2d at 531.
Alliance for Affordable Energy, 96-0700, p. 6, 677 So.2d 428.
In McCall v. McCall, 688 So.2d 193, where a plaintiff who asserted that the City illegally revoked the dedication of certain streets which were allegedly privately owned by him and his family and requested an accounting from the City for the use of the property, this Court held that in this particular case "this plaintiff is attempting to restrain action by a public body that affects the public fisc, and we must find that he has interest, however small and indeterminable, sufficient to afford him a right of action." (citing Davis v. Franklin Parish School Board, et al., 412 So.2d 1131, 1133 (La.App. 2nd Cir.1982)). However this Court did not opine that whenever a plaintiff is attempting to restrain action by a public body that affects the public fisc, we must find that he has interest. Assessing the assertions presented on a case-by-case basis, we must determine if this particular plaintiff who seeks to restrain action by a public body has provided sufficient evidence that the public fisc will be affected to the extent that he is afforded a right of action.
In Davis, 412 So.2d 1131, taxpayers brought action challenging validity of the School Board's lease on grounds of noncompliance with advertisement and public *999 bidding provision of Public Lease Law. The issue before the court on right of action was whether a plaintiff, by challenging the lease of a School Board's section of land, had interest sufficient to afford him a right of action, though he was neither a property owner or parent of school children, but resided near the wooded lands in question and paid sales taxes in parish which accrued to the school board.
Plaintiff asserted that the School Board failed to follow the procedures required by the Public Bid Law, Public Lease Law, and the Public Works Law. The Court opined that failure of the School Board to follow such requirements directly affects the public fisc, because such law "inures to the interest of the public because of the good and solvent bond or guarantee that the work will be performed at the price contracted for, and free and clear of liens or claims against the public fisc." Id., 412 So.2d at 1134. Unlike the present case, where the plaintiffs did not establish the existence of the ordinance increased their tax burden nor that such will result in the public being burdened by an adverse affect to the public fisc, in Davis, the School Board's failure to comply with the applicable laws in seeking to give a farm lease and the timber on the lands and failure to require a performance bond, because the School Board was advertising for a public work of clearing and draining its lands, was contrary to the provisions of the Public Bid Law and the lease was declared null and void. Accordingly, that court opined "this plaintiff is attempting to restrain action by a public body that affects the public fisc, and we must find that he has an interest, however small and indeterminable, sufficient to afford him a right of action." Id., 412 So.2d at 1133. (citations omitted).
In Davis, the court found that the School Board's action, which were violative of the Public Bid Law and the Public Lease Law directly affected the public fisc. We cannot say that the same is mirrored in the case at bar. Similarly, this Court in Upper Audubon Association, et al. v. Audubon Park Commission, et al., 329 So.2d 206 (La.App. 4th Cir.1976), held that:
to show standing in Louisiana a taxpayer need only show an effect upon the public fisc by the government action in question. (citations omitted) Here, the showing is not only that, because not publicly bid, the lease may not provide the highest rental, but also the lease calls for expenditure by the Commission.
Id., 329 So.2d at 206.
Accordingly, upon the showing by plaintiff that there is an effect upon the public fisc by the government action in question, then and only then has the plaintiff established interest sufficient to afford him a right of action.
Under the standard utilized by this Court in McCall and its progeny, absent a showing by plaintiffs that they possess a real and actual interest vested in their assertions that the public fisc is affected by the actions of the City and Council, we find that plaintiffs have not established the minimal requisite interest, and therefore lack the requisite interest sufficient to afford him a right of action.

DECREE
For the foregoing reasons, we find that the trial court erred in granting defendants' Exception of No Cause of Action; however we affirm the trial court's judgment granting defendants' exception no right of action. Accordingly, the judgment of the trial court dismissing plaintiffs' claim is affirmed.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.
*1000 MURRAY, J., dissents and assigns reasons.
I agree with the majority that the plaintiffs' petition states a cause of action. However, I also believe that the plaintiffs have a right of action / standing to bring this suit, and on that basis I dissent from the majority's affirmation of the trial court's judgment. For the following reasons, I would reverse the judgment of the trial court.
The function of the exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition, that is, whether the particular plaintiff has a real and actual interest in the subject matter of the litigation. See: La.Code Civ. Pro. art. 927(5); Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), p. 4, 646 So.2d 885, 888. Unlike the trial of an exception of no cause of action, on the trial of an exception of no right of action, evidence is admissible to support or controvert any of the allegations of the petition. La.Code Civ. Pro. art. 931.
As noted by the majority, in considering the exception of no right of action, the trial court had to determine whether the plaintiffs have standing to bring this action. In Alliance for Affordable Energy v. Council of the City of New Orleans, 96-0700 (La.7/2/96), 677 So.2d 424, the Louisiana Supreme Court explained what constitutes "standing" in an action brought by a taxpayer seeking to challenge a local ordinance:
Louisiana Jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Id. [citing Louisiana Associated General Contractors Inc. v. Calcasieu Parish School Board, 586 So.2d 1354, 1357 (La.1991)] Under our law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). "The fact that the taxpayer's interest may be small and insusceptible of accurate determination is not sufficient to deprive him of he right." Id.

This Court in League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980), further refined this standard and held that "a taxpayer will not be allowed to compel the performance of a public duty by mandamus absent the showing of some special interest which is separate and distinct from the interest of the public at large." Id. at 447. On the other hand, a citizen seeking to restrain unlawful action by a public entity, Stewart, 5 So.2d at 531, is not required to demonstrate a special or particular interest distinct from the public at large. Id. Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable. See Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963), Stewart, 5 So.2d at 531.
Id., p. 6, 677 So.2d at 428. Applying this standard, the Supreme Court held that taxpayers of the city of New Orleans had standing to bring the action challenging the legality of the City Council's ordinance exempting a certain type of city contracts from competitive bidding requirements established by the city's Home Rule Charter. As support for its holding, the Court noted that the money budgeted for the contracts constituted an increased burden on the tax base, and additionally, that the plaintiffs' stated interest "in the health and welfare of the residents of Orleans Parish" was a *1001 sufficient to give them standing. Id., p. 8, 677 So.2d at 429. Shortly after the decision in Alliance for Affordable Energy was rendered, this court applied the same standard to reverse the trial court's maintenance of an exception of no right of action in McCall v. McCall, 96-0394 (La.App. 4 Cir. 1/29/97), 688 So.2d 193. In that case, we held that the plaintiff, a City resident, had standing to challenge City ordinances revoking the dedication of certain public streets, leasing the property encompassed by the streets to the newly-formed Rivergate Development Corporation, and subleasing same to a casino developer. In so holding, this court indicated that when a plaintiff is attempting to restrain action by a public body that affects the public fisc, the plaintiff has an interest, however small and indeterminable, which is sufficient to afford him a right of action. Id., p. 4, 688 So.2d at 196 (citing Davis v. Franklin Parish School Board, 412 So.2d 1131, 1133 (La.App. 2 Cir.1982)). Similarly, in Hudson v. City of Bossier, 36,213 (La.App. 2 Cir. 8/14/02), 823 So.2d 1085), the Second Circuit held that the interest of citizens/taxpayers in seeing that their elected representatives obey the law and do not enter into illegal contracts in matters affecting the public fisc was sufficient to allow the taxpayers standing to bring an action to enjoin the city from contracting away its right to levy a per-person boarding tax on riverboat gaming operations.
In the instant case, the plaintiffs have alleged that New Orleans "is spending tax money" to pay for the benefits provided to domestic partners, and the City admits that, although the Domestic Partner Registry is self-funded, the benefits for city employees (and their domestic partners) are paid from the City's General Operating Fund, which comes from undedicated tax revenue. The City also admits that approximately ten employees are currently receiving benefits for registered domestic partners. Providing these benefits obviously costs the City more money than it would otherwise spend, even though, as the City argues, the net effect upon the City budget is miniscule. The spending of public money clearly affects the public fisc. Under the standard utilized by the Court in Alliance for Affordable Energy and its progeny, I believe the plaintiffs have demonstrated a sufficient interest to afford them standing to challenge the City ordinance. I therefore find the trial court erred by granting the exception of no right of action.
Accordingly, for the reasons stated, I respectfully dissent from the majority's affirming of the trial court's judgment. I would reverse the granting of both exceptions and the dismissal of the plaintiffs' action, and would remand the matter to the trial court for further proceedings.