928 So.2d 537 (2006)
Eugene RALPH, Gregory Pembo, Helen E. Robinson, Phyllis Everage, Lionel Brackitt and Elle Bennett
v.
CITY OF NEW ORLEANS and the New Orleans City Council.
No. 2006-C-0153.
Supreme Court of Louisiana.
May 5, 2006.
PER CURIAM.
Finding that the court of appeal erred in affirming the trial court's judgment granting the defendants' peremptory exception of no right of action, we grant this writ and reverse that portion of the court of appeal's decree.
The City of New Orleans ("City") enacted local ordinances that acknowledge domestic partnerships and establish a Domestic Partnership Registry. Under the City's health care program, the City implemented a new policy to provide domestic partner coverage to same-gender partners of City employees who were registered with the Domestic Partnership Registry. The City's health care program provides benefits funded by both City and individual employee contributions. The City's contribution is generated from the General Fund Operating Budget, which includes non-dedicated taxes (including, inter alia, sales, use and property taxes), fees, fines and service charges. Plaintiffs filed a petition seeking a declaratory judgment that the City Council acted ultra vires and without statutory authority in enacting the Domestic Partnership Registry and related ordinances, and the City acted ultra vires in extending health care insurance and/or other benefits to registered domestic partners of city employees. Plaintiffs *538 also filed a petition for injunction against the City to enjoin the enforcement of Domestic Partnership policy and its related ordinances. Defendants filed Peremptory Exceptions of No Cause of Action, No Right of Action and No Interest in Plaintiffs to Institute this Suit.[1] The trial court granted all Peremptory Exceptions.
On appeal, the court found the trial court erred in granting the exception of no cause of action. We agree with that portion of the court of appeal's opinion. In a split decision, the court of appeal affirmed the trial court's granting defendants' exception of no right of action. The majority found that, absent a showing by plaintiffs that they possess a real and actual interest vested in their assertions that the public fisc is affected by the actions of the City and the Council, the plaintiffs did not establish the minimal requisite interest sufficient to afford them a right of action. Ralph v. City of New Orleans, 04-1270, p. 17 (La. Ct.App. 4 Cir. 12/14/05), 921 So.2d 988.
In Alliance for Affordable Energy v. Council of the City of New Orleans, 96-0700 (La.7/2/96), 677 So.2d 424, we explained what constitutes "standing" in an action brought by a taxpayer seeking to challenge a local ordinance:
Louisiana jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Id. [citing Louisiana Associated Gen. Contractors, Inc. v. Calcasieu Parish School Bd., 586 So.2d 1354, 1357 (La.1991).] Under our law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or his property. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). "The fact that the taxpayer's interest may be small and insusceptible of accurate determination is not sufficient to deprive him of the right." Id.

This Court in League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980), further refined this standard and held that "a taxpayer will not be allowed to compel the performance of a public duty by mandamus absent a showing of some special interest which is separate and distinct from the interest of the public at large." Id. at 447. On the other hand, a citizen seeking to restrain unlawful action by a public entity, Stewart, 5 So.2d at 531, is not required to demonstrate a special or particular interest distinct from the public at large. Id. Consequently, taxpayer plaintiffs seeking to restrain action by a public body are afforded a right of action upon a mere showing of an interest, however small and indeterminable. See Woodard v. Reily, 244 La. 337, 152 So.2d 41 (1963); Stewart, 5 So.2d at 531.

Alliance, 96-0700 at p. 6, 677 So.2d at 428.
In the case sub judice, the plaintiffs have alleged the City is spending tax money to pay for health insurance and other benefits for at least one person who has qualified as a "domestic partner" under the ordinance.[2] The spending of tax *539 money, no matter how minuscule the effect on the City budget, clearly affects the public fisc. When a plaintiff is attempting to restrain action by a public body that affects the public fisc, the plaintiff has an interest, however small and indeterminable, which is sufficient to afford him a right of action. McCall v. McCall, 96-0394, p. 4 (La. Ct.App. 4 Cir. 1/29/97), 688 So.2d 193, 196, writ denied, 97-0534, 693 So.2d 745, 97-0539 (La.5/1/97), 693 So.2d 745, (citing Davis v. Franklin Parish Sch. Bd., 412 So.2d 1131, 1133 (La.App. 2 Cir.1982), writ denied, 415 So.2d 942 (La.1982)). The taxpayers/plaintiffs in this matter have demonstrated an interest, no matter how small and indeterminable. The plaintiffs have standing to challenge the City's act of extending benefits.
The plaintiffs also have standing to challenge the ordinance instituting the Domestic Partner Registry. The City's policy of extending benefits to domestic partners of its employees is premised upon those employees registering with the Domestic Partner Registry. Thus, the ordinance is intertwined with the policy of extending benefits, which has an affect on the public fisc.
Accordingly, the court of appeal decision sustaining defendants' exceptions of no cause of action and interest of plaintiffs to institute the suit is reversed. This matter is remanded to the trial court for further proceedings.
NOTES
[1] Fundamentally there is no distinction between the exception of no right of action and that of no interest in plaintiff to institute the suit. Wischer v. Madison Realty Co., Inc., 231 La. 704, 709, 92 So.2d 589 (1956). We will treat these as a single exception.
[2] The City admits that approximately ten employees are currently receiving health insurance benefits for registered domestic partners.