# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-613

**OLD SPANISH TRAIL CREDIT UNION**

**VERSUS**

**FELIX ELBERT SEXTON JR. and**
**STATE FARM MUTUAL AUTOMOBILE ASSOCIATION**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 73096, DIV. A
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

**Van C. Seneca**
**Attorney at Law**
**P. O. Box 3747**
**Lake Charles, LA 70602-3747**
**Counsel for Plaintiff/Appellant:**
    **Old Spanish Trail Credit Union**

**Thomas A. Self**
**Attorney at Law**
**116 S. 3rd St.**
**Leesville, LA 71446**
**Counsel for Defendant/Appellee:**
    **Felix Elbert Sexton, Jr.**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**Counsel for Defendant/Appellee:**
**State Farm Mutual Auto. Ins. Co.**

**PICKETT, Judge.**

The plaintiff, Old Spanish Trail Credit Union, appeals a judgment of the trial court granting the defendant's, Felix E. Sexton Jr.'s, exception of no right of action and dismissing the plaintiff's suit at its costs. We reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion.

### FACTS

The defendant, Felix E. Sexton Jr., borrowed $31,304.47 from the plaintiff, Old Spanish Trail Credit Union (the Credit Union) in May 2003 to purchase a pick-up truck. The loan was secured by a note on the truck. In August 2003, the defendant failed to make a payment on the insurance on the truck (the plaintiff was a loss payee on the policy). Thereafter, on September 12, 2003, the defendant sought protection under Chapter 7 of the United States Bankruptcy Code. In connection therewith, he indicated his intent to surrender his pick-up truck to the Credit Union. Also on September 12, 2003, State Farm Mutual Automobile Insurance Company, Mr. Sexton's insurer, sent notice to the plaintiff that the defendant's policy would be cancelled effective September 25, 2003, for non-payment of the premium. The defendant did not surrender the vehicle to the plaintiff, and on October 5, 2003, he wrecked the vehicle, causing significant damage to the truck.

The United States Bankruptcy Court, Western District of Louisiana, entered a "Discharge of Debtor" in favor of Mr. Sexton on January 14, 2004. Sometime during the pendency of those proceedings, the Credit Union purchased the defendant's wrecked truck from the bankruptcy trustee. The Credit Union also filed a claim with the bankruptcy court praying "the debtor [the defendant herein] . . . be held liable to the creditor in tort" for the difference in value of the truck before and after the

1

accident. On July 30, 2004, the bankruptcy court dismissed the Credit Union's claim based upon its lack of jurisdiction over the claim.

Subsequently, on August 23, 2004, the Credit Union filed the instant action seeking the same relief it sought in the bankruptcy court, i.e., that the defendant be held liable in tort for the difference in value of the truck before and after the accident. The defendant answered the petition with the peremptory exceptions of no cause of action and no right of action alleging that his discharge in bankruptcy of January 14, 2004, "discharged [him] from any liability whatever on the claim" of the Credit Union. The trial judge denied the exception of no cause of action, but maintained the exception of no right of action based upon the defendant's discharge in bankruptcy and dismissed the plaintiff's suit against the defendant. This appeal followed.

## LAW AND DISCUSSION

The appellant challenges the trial court's granting of the defendant's peremptory exception of "No Right of Action."

> Determination of whether the plaintiff has a right of action is a question of law. *Ralph v. City of New Orleans*, 04-1270 (La.App. 4 Cir. 12/14/05), 921 So.2d 988, 995, *writ granted and reversed in part on other grounds*, 06-0153 (La.5/5/06), [928] So.2d [537], . . . . Appellate review of questions of law is simply to determine whether the district court was legally correct or legally incorrect. *Id.* at 996.
>
> The function of a no right of action exception is to determine whether the plaintiff belongs to a class of persons to whom the law grants the cause of action asserted in the suit. *Industrial Companies, Inc. v. Durbin*, 02-0665, p. 11 (La.1/28/03), 837 So.2d 1207, 1216. The no right of action exception assumes that the petition states a valid cause of action for some person. *Id.* at 12. The exception does not raise the question of the plaintiff's ability to prevail on the merits of the case. *Wallace Drennan, Inc. v. Sewerage & Water Board*, 98-2423, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 861, 864. When the excepting defendant fails to present any evidence supporting the no right of action exception, the court must decide, based solely on the plaintiff's allegations, whether the plaintiff belongs to the class of persons to

whom the law grants the asserted cause of action. *Industrial Companies, Inc. v. Durbin, supra.*

*Acorn Cmty. Land Ass'n of Louisiana, Inc. v. Zeno*, 05-1489, pp. 3-4 (La.App. 4 Cir. 6/21/06), 936 So.2d 836, 838-39.

In our research we have failed to find a case on point with this one. However, we have found sufficient law to guide us in our decision. The plaintiff bases its claim in tort, relying on the following: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La.Civ.Code art. 2315. The defendant relies on his discharge in bankruptcy from all pre-petition (September 12, 2003) debts, including the loan taken out with the plaintiff.

First, we examined just what was discharged in bankruptcy. There is no doubt that the original $31,304.47 loan for which the defendant contracted with the Credit Union on May 8, 2003, was discharged. Therefore, the Credit Union had no cause of action and no right of action against the defendant based upon the loan contract. However, the plaintiff brought suit in *tort* based upon an event (the defendant's wrecking the secured collateral) which took place after the petition for bankruptcy had been filed. This action is not *in contract*, but rather is based upon a tort arising out of the contractual relationship. It is well settled that "[a] tort is a private wrong, independent of contract." *P. Olivier & Sons v. Board of Comm'rs*, 181 La. 802, 160 So. 419, 420 (1935). The Louisiana Supreme Court, in *Corbello v. Iowa Production*, 02-826, p. 32 (La. 2/25/03), 850 So.2d 686, 708, stated:

> We recognize the long-standing rule that "when a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions." *Federal Insurance Company v. Insurance Company of North America, et al.*, 262 La. 509, 263 So.2d 871, 872 (1972).

3

*See also Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 02-266 (La.App. 3 Cir. 4/2/03), 844 So.2d 380, *writs denied*, 03-1585, 03-1624 (La. 10/31/03), 857 So.2d 476. In this case the plaintiff's suit in contract was extinguished by the defendant's discharge in bankruptcy. The Credit Union's tort action, although having its roots in the contractual relationship between the parties, is a separate action. Furthermore, it arose after the defendant had filed his bankruptcy, and hence was not amenable to discharge by the bankruptcy proceeding.

Accordingly, for the reasons stated, the judgment of the trial court sustaining Mr. Sexton's Exception of No Right of Action is reversed; the plaintiff's petition against Felix E. Sexton is reinstated; and the case is remanded for further proceedings not inconsistent with this opinion. All costs of this appeal are assessed against the defendant, Felix E. Sexton.

**REVERSED AND REMANDED.**